

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 12-CR-20030 |
| | Hon. NANCY G. EDMUNDS |
| -vs- | |
| | **OFFENSE:** 18 U.S.C. § 1349 |
| **D-2   ROY DIXON,** | **STATUTORY MAXIMUM PENALTIES:** Up to 20 years in prison  Up to $250,000 fine |
| Defendant. | Up to 3 years of Supervised Release |
| _____/ | |

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Roy Dixon and the government agree as follows:

1. **GUILTY PLEA**

   A. **Count of Conviction**

   The defendant will enter a plea of guilty to Count 1 of the Seventh Superseding Indictment, which charges him with conspiracy to commit honest services mail and wire fraud, in violation of 18 U.S.C. § 1349, and for which the penalty is a maximum of up to twenty years imprisonment, a maximum fine of up to $250,000, a special assessment of $100, and up to three years of supervised release.

B.  **Elements of Offense**

The elements of a violation of Section 1349 that the government would need to prove beyond a reasonable doubt at trial are that the defendant:

(1) knowingly and intentionally;

(2) entered into an agreement with one or more persons;

(3) to commit honest services mail and wire fraud.

The elements of honest services mail/wire fraud are

(1) the defendant knowingly devised or participated in a scheme to defraud the beneficiaries of the Retirement Systems of their right to the honest services of the trustees through bribery or kickbacks;

(2) the defendant did so knowingly and with an intent to defraud;

(3) the scheme or artifice to defraud involved a material misrepresentation, false statement, false pretense, or concealment of fact; and

(4) in furtherance or execution of this scheme, the defendant used or caused the mails to be used or caused to be transmitted, any writing, signal, or sound by means of a wire communication in interstate or foreign commerce.

C.  **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for the defendant's

guilty plea:

The defendant, Roy Dixon, was the founding member of Onyx Capital Advisors LLC ("Onyx Capital"), a private equity firm based in Detroit, Michigan. Dixon founded Onyx Capital in 2006. In 2006 and 2007, Dixon sought investment monies from both the General Retirement System and the Police and Fire Retirement System of the City of Detroit. By June 2007, the General Retirement System and Police and Fire Retirement System had conditionally agreed to invest $10 million each (for a total of $20 million) into Onyx Capital for Dixon to manage. The two retirement systems then proceeded to invest $20 million over the course of 2007 and 2008. In 2007, Dixon also persuaded the General Retirement System of the City of Pontiac, Michigan to invest $5 million with Onyx Capital. Besides securing investment money for Onyx Capital, Dixon also sought investment money from the Detroit and Pontiac retirement systems for a real estate investment in the Turks and Caicos Islands.

In order to secure the support of trustees of the retirement system in Detroit and Pontiac for these investments, Dixon conspired with trustee Jeffrey Beasley, trustee Paul Stewart, Ronald Zajac, and others to pay bribes and kickbacks to those trustees and others in exchange for their support of Dixon's investment proposals.

As part of this conspiracy, Dixon gave things of value to Beasley, Stewart, and other trustees. For example, in approximately August 2007, Dixon paid for Beasley and his family to travel to the Turks and Caicos Islands for a vacation. During the conspiracy, Dixon gave Beasley cash. Dixon also gave Stewart and other trustees cash, and Dixon paid for Stewart and his paramour to take a vacation in Naples, Florida. Dixon also gave tens of thousands of dollars to the Kilpatrick Civic Fund at Beasley's request in order to secure the support of trustees of both Detroit retirement systems controlled by then Mayor Kwame Kilpatrick. As directed by Zajac and as part of the conspiracy, Dixon gave cash, meals, drinks, and other entertainment to trustees.

It was a part of the conspiracy that the United States mail and interstate wire transfers of money would be used to achieve the goals of the conspiracy.

2. **SENTENCING GUIDELINES**

   A. **Standard of Proof**

   The Court will find sentencing factors by a preponderance of the evidence.

   B. **Agreed Guideline Range**

   The parties disagree on the calculation of the sentencing guidelines range in this case. At the sentencing hearing in this case, the Court will make a

determination as to the applicable guideline range to be considered. The defendant recommends that the Court determine that his guideline range is **37 to 46 months**, based on his calculation of the guidelines, as set forth on the attached worksheets. As part of this agreement, and based on the loss amount to the three pension systems, the government has agreed to set the top of the guideline range at **97 months**. If the Court finds:

> a) that defendant's criminal history category is higher than reflected on the attached worksheets, or
>
> b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than recommended by the parties, then the higher guideline range becomes each party's recommended range. However, if the Court finds that the defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected

in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

3.   **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A.   **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed 97 months.

B.   **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is **3 years**. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

C.   **Special Assessment**

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

### D. Fine

There is no agreement as to fines.

### E. Restitution

The Court shall order restitution to every identifiable victim of the defendant's offense and all other relevant conduct.

### 4. OTHER CHARGES

If the Court accepts this agreement, at the time of sentencing, the government will dismiss the remaining charges in the Seventh Superseding Indictment in this case.

### 5. EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT

The defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

6. **WAIVER OF APPEAL**

Defendant waives any right he may have to appeal his conviction. If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant also waives any right he may have to appeal his sentence. The government agrees not to appeal the sentence imposed by the Court.

7. **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

8. **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government

agency except the United States Attorney's Office for the Eastern District of Michigan.

9. **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

## 10. ACCEPTANCE OF AGREEMENT BY DEFENDANT

This plea offer expires unless it has been received in the Office of the United States Attorney by **5:00 P.M. on October 15, 2014**. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

BARBARA L. MCQUADE
United States Attorney

_____
MARK CHUTKOW
CHIEF, PUBLIC CORRUPTION UNIT
ASSISTANT UNITED STATES ATTORNEY

_____
ROBERT CARES
ASSISTANT UNITED STATES ATTORNEY

_____
DAVID A. GARDEY
ASSISTANT UNITED STATES ATTORNEY

_____
STEPHANIE DAWKINS DAVIS
ASSISTANT UNITED STATES ATTORNEY

DATE: 10-14-14

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT HE HAS READ (OR BEEN READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. HE ALSO ACKNOWLEDGES THAT HE IS SATISFIED WITH HIS ATTORNEY'S ADVICE AND REPRESENTATION. DEFENDANT AGREES THAT HE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH HIS LAWYER, AND HAS HAD ALL OF HIS QUESTIONS ANSWERED BY HIS LAWYER.

_____
EDWARD WISHNOW
ATTORNEY FOR DEFENDANT

_____
ROY DIXON
DEFENDANT

DATE: 10-14-14

| Defendant: | Roy Dixon | Count: | One |
|---|---|---|---|
| Docket No.: | 12-CR-20030 | Statute(s): | 18 U.S.C. Section 1349 |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1. **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2C1.1(a)(1) | Base Offense Level - defendant not a public official | 12 |
| 2C1.1(b)(1) | Offense involved more than one bribe | 2 |
| 2C1.1(b)(2) | Value of bribes - more than $30,000 less than $70,000 | 6 |
| 2C1.1(b)(3) | Offense involved a public official in a sensitive position | 4 |

2. **ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| | | |

A-1

| Defendant: | Roy Dixon | Count: | One |
|---|---|---|---|
| Docket No.: | 12-CR-20030 | Statute(s): | 18 U.S.C. Section 1349 |

### 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

| 24 |
|---|

*********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*



| Defendant: | Roy Dixon | Count: | One |
|---|---|---|---|
| Docket No.: | 12-CR-20030 | Statute(s): | 18 U.S.C. Section 1349 |

2. **COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**
   Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.



3. **PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

   Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.



4. **TOTAL CRIMINAL HISTORY POINTS**
   Enter the sum of the criminal history points entered in Items 1-4.

   `0`

5. **CRIMINAL HISTORY CATEGORY**

   | Total Criminal History Points | Criminal History Category |
   |:---:|:---:|
   | 0-1 | I |
   | 2-3 | II |
   | 4-6 | III |
   | 7-9 | IV |
   | 10-12 | V |
   | ≥13 | VI |

   

   `I`

| Defendant: | Roy Dixon | Count: | One |
|---|---|---|---|
| Docket No.: | 12-CR-20030 | Statute(s): | 18 U.S.C. Section 1349 |

# WORKSHEET D (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**
   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.    **24**

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**    **-3**

3. **TOTAL OFFENSE LEVEL**

   Enter the difference between Items 1 and 2.    **21**

4. **CRIMINAL HISTORY CATEGORY**

   Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.    **I**

5. **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**
   a. Total Offense Level: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.
   b. Criminal History Category: If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
   Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.    **37-46**

   months

D-1

| Defendant:  | Roy Dixon   | Count:      | One                     |
|-------------|-------------|-------------|-------------------------|
| Docket No.: | 12-CR-20030 | Statute(s): | 18 U.S.C. Section 1349  |

# WORKSHEET E (Authorized Guideline Sentences)

1. **PROBATION**
   a. <u>Imposition of a Term of Probation</u> (U.S.S.G. § 5B1.1)

   [X] 1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

   [ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

   3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

   b. <u>Length of Term of Probation</u> (U.S.S.G. § 5B1.2)

   [ ] 1. At least 1 year but not more than 5 years (total offense level ≥ 6)
   [ ] 2. No more than 3 years (total offense level < 6).

   c. <u>Conditions of Probation</u> (U.S.S.G. § 5B1.3)

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

   [X] a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

   [ ] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**
   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

E-1

| Defendant: | Roy Dixon | Count: | One |
|---|---|---|---|
| Docket No.: | 12-CR-20030 | Statute(s): | 18 U.S.C. Section 1349 |

4. **SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

   a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)
   The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

   b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)
   - [ ] 1. At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.
   - [X] 2. At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.
   - [ ] 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.
   - [ ] 4. The statute of conviction requires a minimum term of supervised release of ____ months.

   c. <u>Conditions of Supervised Release</u> (U.S.S.G. § 5D1.3)

   The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION (U.S.S.G. § 5E1.1)**

   - [X] 1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.
   - [ ] 2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $_____.

E-2

| Defendant: | Roy Dixon | Count: | One |
|---|---|---|---|
| Docket No.: | 12-CR-20030 | Statute(s): | 18 U.S.C. Section 1349 |

☐ 3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐ 4. The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☐ 5. Restitution is not applicable.

6. **FINE (U.S.S.G. § 5E1.2)**

   a. <u>Fines for Individual Defendants</u>

   The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

   b. <u>Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))</u>

   | **Minimum Fine** | **Maximum Fine** |
   |---|---|
   | $7,500 | $75,000 |

| Defendant: | Roy Dixon | Count: | One |
|---|---|---|---|
| Docket No.: | 12-CR-20030 | Statute(s): | 18 U.S.C. Section 1349 |

7. **SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**
   The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are:
   - $100.00 for every count charging a felony ($400 for a corporation),
   - $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
   - $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
   - $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).
   
   The defendant must pay a special assessment or special assessments in the total amount of $ 100.00      .

8. **FORFEITURE (U.S.S.G. § 5E1.4)**

   [ ] Assets of the defendant will be forfeited.   [X] Assets of the defendant will not be forfeited.

9. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

   List any additional applicable guideline, policy statement, or statute.
   _____
   _____

10. **UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**
    List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.
    _____
    _____
    _____

Rev. 07/13

E-4