

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

vs.    CRIMINAL NO. 12-20030

D-2    ROY DIXON,    HON. NANCY G. EDMUNDS

Defendant.
_____/

## COOPERATION AGREEMENT

As part of the Rule 11 plea agreement entered into by the parties, the parties agree as follows:

1. <u>Cooperation.</u> The defendant, Roy Dixon, agrees to assist the United States Attorney's Office in the investigation and prosecution of others involved in criminal activities, as specified below.

   A. <u>Truthful Information and Testimony.</u> The defendant will provide truthful and complete information concerning <u>all facts of this case known to him</u>. The defendant will provide full debriefings as requested to the U.S. Attorney, and federal, state, and local law enforcement agencies. The defendant will provide truthful testimony at all proceedings, criminal, civil, or administrative, as requested by the U.S. Attorney. Such testimony may include, but is not limited to, grand jury

proceedings, trials, and pretrial and post-trial proceedings. The defendant agrees to be available for interviews in preparation of all testimony. The defendant further agrees to submit, upon request, to government-administered polygraph examinations to verify the defendant's full and truthful cooperation. The defendant understands that this obligation to provide cooperation continues after sentencing and that failure to follow through constitutes a breach of this agreement.

B. <u>Nature of Cooperation.</u> The defendant agrees to cooperate in good faith, meaning that the defendant will not only respond truthfully and completely to all questions asked, but will also volunteer all information that is reasonably related to the subjects discussed in the debriefing. In other words, the defendant may not omit facts about crimes, participants, or the defendant's involvement, and then claim not to have breached this agreement because the defendant was not specifically asked questions about those crimes, participants, or involvement. The defendant will notify the U.S. Attorney in advance if the defendant intends to offer a statement or debriefing to other persons other than defendant's attorney. The defendant is not prevented in any way from providing truthful information helpful to the defense of any person. Any actions or statements inconsistent with continued cooperation under this agreement, including but not limited to criminal activity, or a statement indicating a refusal to testify, or any other conduct which in any way undermines the

effectiveness of the defendant's cooperation, constitutes a breach of this agreement.

2. <u>Government's Authority Regarding Substantial Assistance</u>

A. <u>Substantial Assistance Determination.</u> It is exclusively within the government's discretion to determine whether the defendant has provided substantial assistance. Upon the government's determination that the defendant's cooperation amounts to substantial assistance in the investigation or prosecution of others, the government will either seek a downward departure at sentencing under U.S.S.G. § 5K1.1, or a reduction of sentence pursuant to Fed. R. Crim. P. 35, as appropriate. If the government makes such a motion, the government will not advocate for the application of a particular guideline range to be imposed at the sentencing hearing. The government will be free to describe the defendant's cooperation or lack thereof, as well as the circumstances of his offense. If the government makes such a motion, the amount of the reduction, if any, will be determined by the Court.

B. <u>Use of Information Against the Defendant.</u> In exchange for the defendant's agreement to cooperate with the government, as outlined above, the government agrees not to use new information that the defendant provides (pursuant to this agreement) about the defendant's own criminal conduct against the defendant at sentencing in this case. Such information may be revealed to the court but may not be used against the defendant in determining the defendant's sentence range,

3

choosing a sentence within the range, or departing from the range. There shall be no such restrictions on the use of information: (1) previously known to law enforcement agencies; (2) revealed to law enforcement agencies by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; or (4) in the event there is a breach of this agreement.

BARBARA L. MCQUADE
United States Attorney

_____
MARK CHUTKOW
ASSISTANT UNITED STATES ATTORNEY
CHIEF, PUBLIC CORRUPTION UNIT

_____
ROBERT CARES
ASSISTANT UNITED STATES ATTORNEY

_____
DAVID A. GARDEY
ASSISTANT UNITED STATES ATTORNEY

_____
STEPHANIE DAWKINS DAVIS
ASSISTANT UNITED STATES ATTORNEY

DATE: 10-14-14

4

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_____
EDWARD WISHNOW
*Attorney for Defendant*

_____
ROY DIXON
*Defendant*

DATE: 10-14-14