UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

D-2 ROY DIXON,

      Defendant.

Case No. 12-20030

Honorable Nancy G. Edmunds

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO CORRECT SENTENCE [538]**

On September 30, 2015, Defendant Roy Dixon was sentenced to 42 months of imprisonment following his plea of guilty to a single count of conspiracy to commit honest services mail and wire fraud in violation of 18 U.S.C. § 1349. Approximately two weeks later, Dixon filed the instant motion to correct sentence arguing, in essence, "that the Court committed 'clear error' when it believed that Dixon was eligible for the RDAP program and his sentence would be reduced by one year.'" (Dixon Mot. 3). For the reasons stated more fully below, the Court DENIES Dixon's request.

Federal Rule of Criminal Procedure 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  The Sixth Circuit has interpreted the "authority conferred" under Rule 35 to be "extremely limited", extending only to "obvious error[s] or mistake[s]" that "would almost certainly result in a remand." *United States v. Branch*, 537 F.3d 582, 590 (6th Cir. 2008) (citations and quotations omitted). Furthermore, Rule 35(a) should not "be used to

reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines." *Id.* In addition to the Rule's substantive demands, "the district court must correct the sentence within the time limitation imposed, and not simply take some other undefined action toward that end, such as scheduling a hearing . . . ." *United States v. Vicol*, 460 F.3d 693, 695 (6th Cir. 2006) ("[t]he fact that Defendant made a motion for resentencing within the seven-day period, and that the district court scheduled a hearing on that motion within the seven-day period, did not extend the district court's jurisdiction to dispose of the motion beyond the seven-day period.).[1]

Under the Sixth Circuit's holding in *Vicol*, the Court lacks jurisdiction to even consider this request. Indeed, Dixon's motion to correct sentence was not filed until October 14, 2014- exactly 14 days after sentence was imposed. Even assuming, *arguendo*, that Dixon did request an emergency hearing--which he did not--"Rule 35(a) speaks in terms of actions by a court, and not a party, . . . ." *Id.* at 696. [T]his necessarily suggests that the district court must rule on the Rule 35 motion within the [fourteen] day period . . . ." *Id.* Here, the Court's power to alter Dixon's sentence expired on October 14, 2015.

Setting aside the jurisdictional roadblock, Dixon's argument falls far short on the merits. Indeed, according to Dixon, the Court's sentence was premised on the faulty assumption that he would receive a one-year reduction after completing the Residential

---

[1] "Former Rule 35 permitted the correction of arithmetic, technical, or clear errors within 7 days of sentencing. In light of the increased complexity of the sentencing process, [in 2009] the Committee concluded it would be beneficial to expand this period to 14 days, . . . ." Fed. R. Crim. P. 35(a) (2009 advisory committed notes). The operative language of the rule was unaffected by this amendment.

Drug Abuse Program ("RDAP") administered by the Bureau of Prisons ("BOP"). The Court could not--and did not--rely on any such assumption in fashioning Dixon's sentence for a number of reasons. First, at the time of sentencing, the Court was well-aware of the fact that the RDAP statute, 18 U.S.C. § 3621(e)(2)(B), "does not define the contours of that program or requirements for prisoner eligibility. The statute thus leaves these decisions to the BOP's discretion." *Denton v. Zych*, 09-13581, 2010 WL 742606, at *3 (E.D. Mich. Mar. 1, 2010); *see also Laws v. Barron*, 348 F. Supp. 2d 795, 800 (E.D. Ky. 2004) ("Congress has clearly authorized the BOP to select those prisoners who will be best served by participation in [RDAP]."). In other words, the court's recommendation that a defendant be admitted to RDAP is simply that- a recommendation.

Moreover, even assuming that the BOP determined that Dixon qualified as a substance abuse candidate, and that he successfully completed the program, the BOP has "full discretion to grant or withhold an early release, even denying any early release to those who have already completed the RDAP." *Cushenberry v. Fed. Med. Ctr.*, 530 F. Supp. 2d 908, 914 (E.D. Ky. 2008). Finally, Dixon fails to point to anything in the record suggesting that the Court relied on this hypothetical scenario in support of its decision that 42 months--a below guidelines sentence--was "sufficient, but not greater than necessary, to comply with the purposes set forth" under 18 U.S.C. § 3553. Accordingly, the Court must, and does DENY Dixon's motion to correct sentence.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: October 16, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 16, 2015, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager