UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

  Respondent-Plaintiff,

v.

ROY DIXON,

  Petitioner-Defendant.

_____/

Case No. 12-20030

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR POST-CONVICTION RELIEF [590]**

On October 14, 2014, Petitioner-Defendant Roy Dixon pleaded guilty to engaging in a conspiracy to commit honest services mail and wire fraud. (Dkt. 335). He was sentenced to 42 months of incarceration. Shortly after withdrawing his direct appeal, Dixon filed the instant motion for relief from judgment under 28 U.S.C. § 2255 and 18 U.S.C. § 3582. (Dkt. 590). Relying on Amendment 794 to the U.S. Sentencing Guidelines, Dixon argues that he is eligible for a two-level reduction based on his "minor role" in the offense conduct. Even assuming the Court was persuaded that Dixon was a minor participant, which it is not, his request is procedurally unsound.

Accordingly, for the reasons specified more thoroughly below, the Court DENIES Dixon's petition for post-conviction relief. [590]

**I. ANALYSIS**

Amendment 794 went into effect on November 1, 2015, altering Application Note 3(A) of U.S.S.G. § 3B1.2. Guideline 3B1.2 allows the Court to "reduce the offense level of a

defendant who was a 'minimal' or 'minor' participant in the offense of conviction." *United States v. Sprouse*, No. 12-122, 2017 WL 218376, at *1 (E.D. Tenn. January 18, 2017). Amendment 794 "provides additional guidance to sentencing courts in determining whether a [3B1.2] mitigating role adjustment applies." U.S.S.G. app. C, amend. 794 (2015). Dixon argues that this additional guidance, applied retroactively, qualifies him for a reduction in sentence. But even assuming this was true, the Court has no power to retroactively apply Amendment 794.

Indeed, the Sentencing Commission has "the unusual explicit *power* to decide whether and to what extent its amendments reducing sentences will be given retroactive effect." *United States v. Horn*, 679 F.3d 397, 400 (6th Cir. 2012) (emphasis in original). "Amendments that have been deemed retroactive are listed in U.S.S.G. 1B1.10(d), . . ." *Klosowski v. United States*, No. 12-20458, 2016 WL 6696023, at *2 (E.D. Mich. Nov. 15, 2016). As several courts have correctly noted, "Amendment 794 is not on that list." *Sprouse,* 2017 WL 218376, at *2; *see also Klosowski,* 2016 WL 6696023, at *2 ("Amendments that have been deemed retroactive are listed in U.S.S.G. 1B1.10(d), and Amendment 794 is not listed."). For that reason, Dixon is not entitled to a reduction in sentence under § 3582.

Nor does his request fare any better under section 2255. Ordinarily, "nonconstitutional errors [] are not cognizable on collateral review. Defendants must assert their claims in the ordinary course of trial and direct appeal." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). The Sixth Circuit has been clear that "[r]elief is not available in a section 2255 proceeding for a claim of nonconstitutional, sentencing-guideline error when that error was procedurally defaulted through the failure to bring a direct appeal." *Hunter v. United States*,

160 F.3d 1109, 1115 (6th Cir. 1998). In fact, several courts have specifically refused to consider challenges premised under Amendment 794 on collateral review. *See Sprouse*, 2017 WL 218376, at *1 ("Because the instant defendant's case is not in a posture of direct appeal . . . the [] motion must be considered under 18 U.S.C. § 3582(c)(2)."); *Klosowski*, 2016 WL 6696023, at *1 ("Amendment 794 has not, however, been held to be retroactive on collateral appeal."). Moreover, as the Government points out, "Dixon did not object to the fact that the PSR did not include a mitigating role reduction, and he neither argued for a role reduction at his sentencing hearing, nor sought to challenge his sentence on appeal." (Gov. Resp. 6). In this way, Dixon would be hard-pressed to establish that this is one of "those rare instances where the defaulted claim . . . is committed in a context that is so positively outrageous as to indicate a 'complete miscarriage of justice, . . . .' "). *Grant,* 72 F.3d 506. Finally, as a practical matter, the Court need not look beyond the four corners of Dixon's plea agreement to conclude that he was far from a "minor participant" in the offense conduct. *See* (Dkt. 335, Plea Agreement). For all of those reasons, the Court must, and does, DENY Dixon's request for post-judgment relief.

## II.    CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 and 2255 Proceedings requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir.1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (internal quotes and citations omitted).

For the reasons stated in this opinion, the Court will deny Dixon a certificate of appealability because he has failed to make a substantial showing that his due process rights were compromised.

### III. CONCLUSION

Based upon the foregoing, IT IS ORDERED that the petition for post conviction relief is DENIED WITH PREJUDICE. IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

SO ORDERED.

        s/Nancy G. Edmunds  
        Nancy G. Edmunds  
        United States District Judge

Dated: February 10, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 10, 2017, by electronic and/or ordinary mail.

    s/Carol J. Bethel
    Case Manager